UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL ANTONIO NICO LOPEZ (a/k/a JOSE), *individually and on behalf of others similarly situated*,

                     Plaintiff,

– *against* –

3662 BROADWAY RESTAURANT CORP. (d/b/a TAQUERIA SAN PEDRO), JOHN DOE CORP. (d/b/a EL PATIO MEXICANO), *and* ALBERTICO CHAVEZ,

                     Defendants.

**ORDER**

19-cv-975 (ER)

RAMOS, D.J.:

    This action was commenced by Lopez on January 31, 2019 with the filing of the Complaint against defendants 3662 Broadway Restaurant Corp. (d/b/a Taqueria San Pedro), John Doe Corp. (d/b/a El Patio Mexicano), and Albertico Chavez, the sole owner or both restaurants. Doc. 1. The case was referred to mediation on March 11, 2019. Doc. 15. Defendants 3662 Broadway Restaurant Corp. and Albertico Chavez filed an answer to the complaint on April 16, 2019. Doc. 18.

    The mediation session was held on May 23, 2019, and while the parties reached an agreement in principle, ECF Entry No. 20, on November 1, 2019, Plaintiff alerted the Court that Defendants refused to consummate the agreement. Doc. 21. Accordingly, Plaintiff requested an initial pre-trial conference, which was held on November 22, 2019. *Id.*

On November 20, 2019 Chavez filed for bankruptcy. Doc. 23. The Defendants requested an order for an automatic stay in the action because the restaurants are wholly owned by Chavez and any adjudication of a claim against these corporations would have an immediate adverse economic impact on Chavez and the bankruptcy estate. Doc. 24.

Plaintiffs did not object, and on December 19, 2019, the case was stayed against all defendants pending the disposition of bankruptcy proceedings concerning Chavez. Doc. 26. There was no further action in the case until October 2, 2020 when the Court directed the parties to submit a joint status report. Doc. 27. On October 30, 2020 the parties informed the Court that Chavez's bankruptcy was still pending and that there has been no further activity in the case. Docs. 28–29.

Again, after no activity for approximately two more years, on October 6, 2022, the Court asked for a status report. Doc. 33. The parties informed the Court that Chavez's bankruptcy proceeding was dismissed and he was not discharged. Doc. 34. Plaintiff's counsel requested an additional three weeks to get in contact with Lopez and provide another status report. *Id.* Plaintiff's counsel noted that if they could not communicate with Lopez within three weeks, they would move to withdraw from the case. The request was granted. Doc. 35. On November 2, 2022 Lopez's counsel, Jesse Barton, moved to withdraw as Plaintiff's attorney because he was no longer able to communicate with him. Doc. 36. The request was granted and the Court directed Lopez to report to the Court by November 24, 2022 and advised that failure to do so could result in dismissal for failure to prosecute. Doc. 37. Finally, Catalina Sojo, another of Lopez's attorneys, moved to withdraw as counsel on November 3, 2022. Doc. 38. This request was granted on November 8, 2022. and Lopez was again directed to report to the Court

by November 24, 2022 on whether he intends to pursue his claim.  Doc. 39.  He was again warned that failure to respond could result in dismissal for failure to prosecute.  *Id.*

As of the date of this Order Lopez has never responded and there has been no further action in this case.

For the reasons set forth below, the Court dismisses this case without prejudice for failure to prosecute.

I.     LEGAL STANDARD

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

"A district court considering a Rule 41(b) dismissal must weigh five factors:  '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  When weighing these factors, "[n]o single factor is generally dispositive."  *Id.*

**II.   DISCUSSION**

In the instant case, the factors weigh in favor of dismissal.  First, Lopez has not communicated with the Court since a letter dated October 30, 2020 in which he updated the Court with the status of Chavez's bankruptcy.  Doc. 28.  Plaintiff has not taken meaningful action to prosecute this case in over three years, since the initial pre-trial conference held on November 22, 2019.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

Second, Lopez has been warned of the consequences of not prosecuting his case.  On November 3 and 8, 2022 the Court advised Lopez that failure to respond could result in dismissal for failure to prosecute.  Docs. 37, 39.  This directive was served on Lopez via mail and email.  Doc. 37.  Moreover, Lopez's counsel attempted to get in touch with him several time via telephone, text message, and letters in English and Spanish.  Doc. 36.

Third, "prejudice to defendants resulting from unreasonable delay may be presumed."  *LeSane*, 239 F.3d at 210.  Because Plaintiff has failed to advance his case for over three years, the Court perceives no circumstances rebutting this presumption.

Fourth, Lopez has not taken advantage of his "right to due process and a fair chance to be heard."  *Id.* at 209.  Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).  However, dismissal without prejudice and not on the merits is appropriate given that Lopez's delay has not greatly impacted the Court calendar.  *Morgan v. Does Nos. 1–3*, No. 18 Civ. 2571 (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020); *see also Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *3 (S.D.N.Y. June 11, 2020) ("[T]he lesser sanction of a dismissal without

prejudice equally 'serves the district court's need to clear its calendar.'" (quoting *Thrall v. Central New York Regional Trans. Authority*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Fifth, where Lopez has failed to communicate with this Court there are no weaker sanctions that could remedy his failure to prosecute other than dismissal. Dismissal is appropriate where, as here, Lopez "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

### III.  CONCLUSION

For the reasons discussed above, the Court dismisses this case without prejudice. The Clerk of Court is respectfully directed to terminate pending motion Doc. 24 and close the case. The Clerk of Court is further respectfully directed to mail a copy of this order to Lopez and note service on the docket.

It is SO ORDERED.

Dated:   June 6, 2023
         New York, New York

_____
Edgardo Ramos, U.S.D.J.